UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Raul Gonzalez,

    Petitioner,

v.

Warden William Gittere, et al.,

    Respondents.

Case No.: 2:24-cv-00816-JAD-EJY

**Order Granting Motion
for Appointment of Counsel**

[ECF No. 4]

    *Pro se* Petitioner Raul Gonzalez filed this 28 U.S.C. § 2254 petition for writ of habeas corpus,[1] challenging his 2020 judgment of conviction of first-degree murder with use of a deadly weapon; discharging a firearm at or into occupied structure; and four counts of child abuse, neglect, or endangerment. Gonzalez also moves for appointment of counsel.[2] I find that the appointment of counsel is in the interests of justice, so **I provisionally appoint the Federal Public Defender to represent Gonzalez in this habeas case**.

## Discussion

    Gonzalez is currently serving a lengthy aggregate sentence term of 30 to 76 years. His petition raises relatively complex issues, including numerous claims of ineffective assistance of counsel. In addition, Gonzalez asserts that he is filing a protective petition to preserve his federal habeas claims before the Nevada Court of Appeals reaches a decision on his post-conviction state habeas claims.[3] Gonzalez also has an ongoing, separate-but-related federal habeas case.[4]

---

[1] ECF No. 1-1.

[2] ECF No. 4.

[3] ECF No. 1-1 at 10.

[4] *See Gonzalez v. Gittere*, Case No. 2:21-cv-2055-GMN-DJA.

He is financially eligible for appointment of counsel;[5] although he has paid the filing fee, he lacks the funds to afford counsel.[6]

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Motion for Appointment of Counsel **[ECF No. 4] is GRANTED.**

2. **The Clerk of the Court is directed to ADD** *Gonzalez v. Gittere*, Case No. 2:21-cv-2055-GMN-DJA, as a related case on the docket of this matter.

3. **The Federal Public Defender is provisionally appointed as counsel and will have until June 28, 2024, to undertake direct representation of petitioner or to indicate the office's inability to represent the petitioner in these proceedings.** If the Federal Public Defender is unable to represent the petitioner, I will appoint alternate counsel. Appointed counsel will represent the petitioner in all federal proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. Any deadline for the filing of an amended petition or seeking other relief will be set after counsel has entered an appearance. I anticipate setting the deadline for approximately 90 days from entry of the formal order of appointment.

4. Any deadline established or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, I make no finding or representation that the

---

[5] 18 U.S.C. § 3006A.
[6] ECF No. 4.

petition, any amendments thereto, or any claims contained therein are not subject to dismissal as untimely.[7]

5. **The Clerk of Court is directed to ADD** Aaron D. Ford, Attorney General of the State of Nevada, as counsel for respondents and provide the respondents an electronic copy of all items previously filed in this case by regenerating the notice of electronic filing to the Office of the AG only.  **Respondents' counsel must enter a notice of appearance within 21 days of entry of this order**, but no further response will be required from respondents until further order of the Court.

6. **The Clerk of Court is further directed to SEND** a copy of this order to the *pro se* petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.  The Clerk will further provide the Federal Public Defender with copies of all prior filings in this case by regenerating notices of electronic filing.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 2, 2024

---

[7] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).